NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 22 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JORGE AVENDAÑO-BARRAZA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 21-70858

Agency No. A098-431-652

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2022**
Phoenix, Arizona

Before: WARDLAW and BUMATAY, Circuit Judges, and GLEASON,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Sharon L. Gleason, Chief United States District Judge for the District of Alaska, sitting by designation.

Jorge Avendaño-Barraza, a native and citizen of Mexico, petitions for review of a Board of Immigration Appeals (BIA) decision affirming the denial of his application for withholding of removal and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

Substantial evidence supports the BIA's decision to deny Avendaño-Barraza's application for withholding of removal. *See Del Carmen Molina v. I.N.S.*, 170 F.3d 1247, 1249 (9th Cir. 1999). Avendaño-Barraza did not experience any past persecution, so the BIA accurately stated the law by concluding that Avendaño-Barraza was not entitled to a rebuttable presumption of future persecution pursuant to 8 C.F.R. § 1208.16(b)(1)(i).

Avendaño-Barraza does not qualify for withholding of removal based on a clear probability of future persecution because the BIA properly concluded that he could relocate elsewhere in Mexico and that it is reasonable to expect him to do so. *See Gonzalez-Medina v. Holder*, 641 F.3d 333, 338 (9th Cir. 2011) (holding that "[w]here the applicant has not established past persecution," he or she bears the burden of establishing that relocation is unreasonable within Mexico). Avendaño-Barraza's evidence of generalized violence in Mexico is insufficient to challenge the BIA's relocation findings. *Hussain v. Rosen*, 985 F.3d 634, 648 (9th Cir. 2021) ("Relocation is generally not unreasonable solely because the country at large is

subject to generalized violence.").

Avendaño-Barraza's ability to avoid future persecution by relocating within Mexico is dispositive of his withholding claim, 8 C.F.R. § 1208.16(b)(2), so the BIA did not need to, and did not address his contentions that he would suffer future persecution on account of his membership in a particular social group and that the Mexican government is unable or unwilling to protect him from persecution. *See I.N.S. v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) (holding that the BIA is "not required to make findings on issues the decision of which is unnecessary to the results they reach"). This panel declines to reach these issues.

Avendaño-Barraza relies on generalized evidence of violence and crime in Mexico that is not particular to him and does not establish eligibility for CAT protection. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam). Avendaño-Barraza also contends that the Mexican government did not help find his brother-in-law, submitting evidence that the Mexican government is ineffective in investigating criminal activities, but this does not merit CAT protection either. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033–35 (9th Cir. 2014).

Avendaño-Barraza asks this Court to remand to the BIA to consider the recent discovery of his brother-in-law's body. A petitioner who seeks remand to pursue relief, however, bears a "heavy burden" of proving that the new evidence

3

would likely change the result in the case.  *Young Sun Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) (quoting *Matter of Coelho*, 20 I. & N. Dec. 464, 473 (BIA 1992)).  Avendaño-Barraza has not met this burden because both the IJ and the BIA acknowledged that his brother-in-law was kidnapped and presumably killed for his membership in a gang.

**PETITION DENIED**